# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES W. KISER,**
**Claimant Below, Petitioner**

**FILED**
November 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0261**  (BOR Appeal No. 2046221)
(Claim No. 2007004166)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James W. Kiser, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 31, 2012, in which the Board affirmed a July 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 19, 2009, decision granting Mr. Kiser an 8% permanent partial disability award for his left shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kiser worked as a mechanic for Pinnacle Mining Company, LLC. On January 18, 2007, he was injured when struck by a large chunk of ice while working in an elevator shaft in the mines. The claim was held compensable for contusion of chest wall, contusion of shoulder region, contusion of scapular region, other/unspecified injury of shoulder/upper arm, other affections of the shoulder, disorder of bursae tendons, and sprain/strain of rotator cuff. The claims administrator granted Mr. Kiser an 8% permanent partial disability award for his left shoulder. On August 5, 2009, Dr. Guberman concluded that Mr. Kiser had an 8% whole person impairment for the left shoulder. On March 4, 2010, Dr. Poletajev opined that Mr. Kiser had a 30% whole person impairment for the left upper extremity. On December 22, 2010, Dr. Landis

1

determined that Mr. Kiser had an 8% whole person impairment for the left shoulder and no evidence of any progression since the 8% permanent partial disability was awarded.

The Office of Judges affirmed the claims administrator's decision, and held that based upon the preponderance of the evidence Mr. Kiser failed to show that he is entitled to an award greater than the 8% permanent partial disability award that he was granted for the left shoulder injury. Mr. Kiser disagrees and asserts that the Office of Judges erred in giving Dr. Poletajev's report less evidentiary weight because his report abided by the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) and provided reasoning for his conclusions.

The Office of Judges concluded that the reports of Dr. Guberman and Dr. Landis were most persuasive because these reports appeared to properly rate impairment for Mr. Kiser's left shoulder by following the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993). Dr. Poletajev found that Mr. Kiser had an impairment regarding loss of grip strength and loss of muscle strength of the left shoulder; however, neither Dr. Guberman nor Dr. Landis found an impairment regarding these conditions relating to the left shoulder. The Office of Judges found Dr. Poletajev's report unpersuasive because he added a 10% whole person impairment for acromioplasty to his rating for range of motion loss, and Dr. Landis explained that acromioplasty is not listed as a ratable condition in the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993). Even though Dr. Guberman found Mr. Kiser had loss of range of motion impairment only and Dr. Landis found impairment for loss of range of motion and for the surgeries, they both ultimately found that Mr. Kiser had an 8% whole person impairment for the shoulder. The Office of Judges held that Mr. Kiser failed to show that he is entitled to an award greater than the 8% permanent partial disability award he was granted for the left shoulder injury. The Board of Review reached the same reasoned conclusions in its decision of January 31, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 18, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II